STEVEN D. MEACHAM, ESQ.
California Bar No. 169977
**PEEL BRIMLEY LLP**
3333 E. Serene Avenue, Suite 200
Henderson, Nevada 89074-6571
Telephone : (702) 990-7272
Facsimile : (702) 990-7273
smeacham@peelbrimley.com
*Attorney for Conti Corporation*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| CONTI CORPORATION, a Michigan corporation,<br><br>Plaintiff,<br>v.<br><br>CHARGEPOINT, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. : 8:20-CV-00575<br><br>**PLAINTIFF CONTI CORPORATION'S COMPLAINT FOR DAMAGES** |

Plaintiff Conti, LLC, (formerly Conti Corporation and hereinafter "Conti" or "Plaintiff"), by and through its attorney, Steven D. Meacham of the Law Firm of Peel Brimley LLP, hereby sues Defendant ChargePoint, Inc. ("ChargePoint" or "Defendant") and alleges as follows:

**NATURE OF THE ACTION**

This case arises out Defendant's non-payment to Plaintiff for certain engineering, procurement and/or construction services pursuant to the provisions of written agreements dated September 8, 2017 and March 5, 2018 ("the Agreements") and, specifically, with respect to the design, construction and installation of electric vehicle charging stations at various locations in California.

1. Despite Plaintiff's faithful and proper provision of those services contemplated by the Agreements and having submitted invoices the Defendant totaling more than $4,860,719.45, the Defendant has paid an amount of $1,423,729.17 leaving an unpaid amount of $3,436,990.28

1   plus late fees in excess of $210,000. Plaintiff hereby seeks a judgment against the Defendant for
2   all sums due and owing pursuant to the Agreements and all work ordered by Defendant.

### PARTIES, JURISDICTION AND VENUE

4   2.   This is a civil action for monetary damages in excess of Seventy-Five Thousand
5   Dollars ($75,000.00), exclusive of interest, costs and attorney's fees and such other relief as the
6   court may deem necessary and appropriate.

7   3.   Plaintiff Conti Corporation is a Michigan corporation with its headquarters in
8   Sterling Heights, Michigan and offices in, among other places, Irvine, California. Conti is a duly
9   licensed California contractor, license number 922558, holding C10 and C7 licenses.

10  4.   Conti is informed and believes and thereon alleges Defendant ChargePoint, Inc., is
11  and was at all times herein, a Delaware corporation with operations throughout the United States
12  and overseas, doing business in, and with its headquarters in, Campbell, Santa Clara County,
13  California and, therefore, this judicial district.

14  5.   Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because Conti and
15  ChargePoint are citizens of different states and the amount in controversy exceeds $75,000.00,
16  exclusive of interest and costs.

17  6.   Specifically, pursuant to 28 U.S.C. § 1332 this Court has diversity subject matter
18  jurisdiction over the claims asserted because Plaintiff Conti is a Michigan corporation with its
19  principal place of business in Michigan while Defendant ChargePoint is a Delaware corporation
20  with its principal place of business in California.

21  7.   Venue is proper in this district under 28 U.S.C. 1391 because the causes of action
22  accrued in this judicial district, because a substantial part of the events or omissions giving rise to
23  the claims alleged herein occurred within this District, and because the Defendant breached its
24  contractual and legal obligations damaging Plaintiff in this district.

### FACTUAL ALLEGATIONS

26  8.   On or about September 8, 2017, Conti and ChargePoint entered into a Master
27  Engineering, Procurement and Construction Agreement, a copy of which is attached hereto as
28  **Exhibit A** ("Agreement No. 1"), pursuant to which ChargePoint represented to Conti that it had

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

been "awarded one or more awards under the California Energy Commission Grant ARV-16-005." On or about March 5 2018, Conti and ChargePoint entered into a second Master Engineering, Procurement and Construction Agreement, a copy of which is attached hereto as **Exhibit B** ("Agreement No. 2"), pursuant to which ChargePoint represented to Conti that it had been "awarded one or more awards under the California Energy Commission Grant ARV-15-061; ARV-15-062; ARV-15-063." Agreement No. 1 and Agreement No. 2 are substantially identical except for the referenced grant numbers and are referred to herein collectively as "the Agreements."

9. Pursuant to the Agreements, ChargePoint hired Conti to provide, and Conti provided, certain engineering, procurement and/or construction services with respect to the design, construction and installation of electric vehicle charging stations at various locations in California ("the Project").

10. Also pursuant to the Agreements, ChargePoint promised to pay Conti for its work ("the Agreement Price") but failed to do so. Conti has faithfully and correctly performed its obligations under the Agreements, has incurred substantial cost and expense in doing so and, has issued numerous invoices to ChargePoint. ChargePoint has repeatedly failed or refused to pay Conti for its work, for which Conti has invoiced ChargePoint no less than $4,860,719.45 of which $3,436,990.28 remains unpaid along with late fees in excess of $210,000.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

11. Conti repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint, incorporates them by reference, and further alleges as follows:

12. Conti furnished the Work and fully performed all terms, conditions, covenants and obligations required on its part under the Agreements.

13. ChargePoint breached the Agreements by, among other things:

    a. Failing and/or refusing to pay the Agreement Price, as amended, and other monies owed to Conti for the Work;

    b. Failing to adjust the Agreement Price, as amended, to account for extras

and/or changed work, as well as suspensions, delays, acceleration and/or disruption of the Work caused or ordered by ChargePoint and/or its agents or representatives;

   c. Failing to promptly recognize and grant time extensions to reflect additional time allowable under the Agreements and permit related adjustments in scheduled performance;

   d. Breaching the implied covenant of good faith and fair dealing contained in the Agreements;

   e. Failing and/or refusing to comply with the Agreements and California law; and

   f. Negligently or intentionally preventing, obstructing, hindering or interfering with Conti's performance of the Work.

14. As a direct, foreseeable and proximate result of the above described breaches by ChargePoint, respecting its express and implied obligations under the Agreements, and as a result of indirect economic losses and lost profits, Conti has suffered and sustained damages in the principal total sum of at least $3,436,990.28 (the "Outstanding Balance"), plus late fees and any and all additional amounts according to proof, plus accrued interest at the maximum legal rate.

Wherefore, Conti prays for the relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
## COMMON COUNT FOR WORK, LABOR, AND SERVICES/AGREED PRICE

15. Conti repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint, incorporates them by reference, and further alleges as follows:

16. Over the last two (2) years ChargePoint became indebted to Conti in the agreed total sum of the Outstanding Balance for the Work Conti furnished for the Project, which sum ChargePoint agreed to pay.

17. ChargePoint has failed to pay Conti the Outstanding Balance, although demand therefore has been made.

18. There is now due, owing, and unpaid from ChargePoint to Conti a total principal sum of at least the Outstanding Balance, plus any and all additional amounts according to proof, plus accrued interest at the maximum legal rate.

Wherefore, Conti prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### COMMON COUNT FOR WORK, LABOR, AND SERVICES/REASONABLE VALUE

19. Conti repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint, incorporates them by reference, and further alleges as follows:

20. Over the last two (2) years ChargePoint became indebted to Conti for the reasonable value for the Work provided to ChargePoint by Conti, and ChargePoint agreed to pay the reasonable value therefore. The Work furnished to ChargePoint was worth at least a total unpaid sum of the Outstanding Balance, plus all additional amounts according to proof, which represented the reasonable unpaid value.

21. ChargePoint has failed to pay the whole or any part of the Outstanding Balance, although demand therefore has been made. There is now due, owing, and unpaid from ChargePoint to Conti at least a total sum of the Outstanding Balance, plus any and all additional amounts according to proof, plus accrued interest at the maximum legal rate.

Wherefore, Conti prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### FOR ACCOUNT STATED

22. Conti repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint, incorporates them by reference, and further alleges as follows:

23. Over the last two (2) years, an account was stated in writing by and between Conti, on the one hand, and ChargePoint, on the other hand, wherein it was agreed that ChargePoint was indebted to Conti in a total principal sum of at least the Outstanding Balance, plus any and all additional amounts according to proof.

24. ChargePoint has failed to pay the whole or any part of the above sum, although demand therefore has been made. There is now due, owing, and unpaid from ChargePoint to Conti a total principal sum of at least the Outstanding Balance, plus any and all additional amounts according to proof, plus accrued interest at the maximum legal rate.

Wherefore, Conti prays for relief as hereinafter set forth.

///

**PRAYER**

Conti prays for judgment against the Defendant as follows:

(1) The principal sum of the Outstanding Balance and such additional sums as may be proved at trial;

(2) Late Fees as allowed by the Agreements;

(3) Prejudgment interest at the maximum legal rate according to proof at trial;

(4) For costs of suit incurred herein; and

(5) For such other and further relief as the Court deems just and proper.

Dated this 23rd day of March, 2020.

**PEEL BRIMLEY LLP**

*/s/ Steven Meacham*

_____
STEVEN D. MEACHAM, ESQ.
California Bar No. 169977
3333 E. Serene Avenue, Suite 200
Henderson, Nevada 89074-6571
Telephone : (702) 990-7272
Facsimile : (702) 990-7273
smeacham@peelbrimley.com
*Attorney for Conti Corporation*